Wage Rates — County — Municipality — Uniformity By 40 O.S. 196.1 [40-196.1] — 40 O.S. 196.12 [40-196.12] [40-196.12] (1968), the Commissioner of Labor can make determinations of the prevailing wage rate for a locality, but he is without the authority to make a wage rate determination applicable only within a municipality which differs from the rate applicable for the balance of the county. The Attorney General has had under consideration your letter of June 6, 1968, requesting an opinion. It has been the practice of the Department of Labor since the passage in 1965 of the Prevailing Wage on Public Works Act, 40 O.S. 196.1 [40-196.1] — 47 O.S. 196.12 [47-196.12] (1967), to establish a utility rate applicable within a municipality while other utility rate determinations have been made for each of the counties in the state excluding that part of the counties occupied by a municipality for which a rate determination has been made. You ask: May the Commissioner of Labor make a rate determination of the prevailing wage for a municipality that is different from the rate determination for other parts of the county in which said municipality is located? 40 O.S. 196.1 [40-196.1] (1967), provides: "It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work." 40 O.S. 196.6 [40-196.6] (1967), provides in relevant part: "The Commissioner, from time to time, shall investigate and determine the prevailing hourly rate of wages in the localities. . ." 40 O.S. 196.2 [40-196.2] (1967), provides in relevant part: "As used in this act, unless the context indicates otherwise: . . . "(4) `Locality' means the county where the physical work upon public works is performed, except that if there is not available in the county a sufficient number of competent skilled laborers, workmen, and mechanics to construct the public works efficiently and properly, `locality' may include two or more counties adjacent to the one in which the work or construction is to be performed and from which such workers may be obtained in sufficient numbers to perform the work; . . . ." It is a fundamental rule of construction that a state agency created by statute may only exercise the powers granted by statute. Boydston v. State, Okl.,277 P.2d 138. Where a Legislative act embodies a definition, it is binding on the courts and such definition supersedes other definitions. Minnix v. State, Okl., 282 P.2d 772. Since the Legislature provided that the Commissioner of Labor shall determine the prevailing wage rate in a "locality" and then defined a "locality" as a county or two or more adjacent counties, it would appear that there is no authority for the establishment of a prevailing wage rate applicable only in a municipality or any other subdivision of a county. The prevailing wage determination should be made for an entire county or two or more counties. Therefore, it is the opinion of the Attorney General that as authorized by 40 O.S. 196.1 [40-196.1] — 40 O.S. 196.12 [40-196.12] (1968), the Commissioner of Labor shall make determinations of the prevailing wage rate for a locality, that is, a county or two or more adjacent counties, and that the Commissioner is without the authority to make a wage rate determination applicable only within a municipality which differs from the rate applicable for the balance of the county. (Penn Lerblance)